## E. W. Shirk, Plaintiff in Error, v. Birk Brothers Brewing Company, Defendant in Error.

### Gen. No. 19,458.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 31, 1914. Rehearing denied January 13, 1915.

## Statement of the Case.

Action of fourth class in the Municipal Court by E. W. Shirk against Birk Brothers Brewing Company, a corporation, to recover $357.50, alleged to be due to plaintiff by the terms of a written lease for May rent for the year 1912, of certain premises in Chicago. Upon a trial by the court without a jury, judgment was entered in favor of plaintiff for $27.50. To re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

verse the judgment, plaintiff prosecutes a writ of error.

The plaintiff's statement of claim avers that on March 28, 1912, the plaintiff "executed and delivered" to defendant, a *written lease* of the premises in question, for a term beginning May 1, 1912, and ending April 30, 1913, at a rental of $357.50 per month, payable in advance; that defendant "accepted the said lease" and took possession of the premises "thereunder," but did not pay the rent for May, 1912, when it became due under the terms of the lease.

The defendant's amended affidavit of merits states that defendant has a good defense, upon the merits, to all except $27.50 of the plaintiff's demand. It denies, however, that defendant either "accepted the lease mentioned in the statement of claim," or went into possession under it, and then avers, in substance, that prior to April 30, 1912, the defendant was in possession of the premises under a lease providing for a monthly rental of $330; that a fire occurred there in January, 1912, that soon after, a *verbal agreement* was made, to the effect that "in consideration of the defendant's renting the said premises at an increased monthly rental, to-wit, $357.50, the defendant would be allowed the sum of $330 by the plaintiff to compensate the defendant for the damages suffered through the aforesaid fire;" that "defendant has tendered $27.50, being the difference between the monthly rental due on the first day of May, 1912, and the said $330;" and that said tender was refused by the plaintiff.

ULLMANN, HOAG & DAVIDSON, for plaintiff in error.

LACKNER, BUTZ, VON AMMON & JOHNSTON, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 6*—*when evidence shows refusal of tenant to accept written lease.* Evidence *held* to show that a tenant did not accept a written lease, although he signed one of the duplicates, where he afterwards scratched out his signature and sent it to the landlord stating that he refused to be bound thereby for the reason it did not include a certain oral agreement, and this although the evidence showed that he did not return the other duplicate, which was not signed by him.

2. LANDLORD AND TENANT, § 330*—*form of judgment when proof fails to establish lease sued on.* In an action based solely on a written lease, where the defendant denied his acceptance thereof and set up a different contract under which he conceded he owed plaintiff a certain sum, *held* that on failure of plaintiff to prove the lease sued on, and his failure to amend his statement of claim, the court could enter only a judgment of dismissal or for the defendant for costs, and that it was error to enter a judgment in favor of plaintiff for the amount conceded by defendant to be due upon the other contract.

3. SET-OFF AND RECOUPMENT, § 18*—*claims of recoupment.* A claim of recoupment must arise out of the contract upon which the suit is brought, or be connected in some manner directly therewith.

4. SET-OFF AND RECOUPMENT, § 37*—*necessity of proving contract out of which claim for recoupment arises.* Where a plaintiff fails to prove the contract sued on, the defendant cannot prove another and different contract and then recoup damages for its breach.